Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Rhonda Milberry**, <br><br> Plaintiff, <br><br> v. <br><br> **Santander Consumer, USA, Inc.,** <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

**COMPLAINT**

**Rhonda Milberry** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Santander Consumer, USA, Inc.** (Defendant):

**INTRODUCTION**

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of New Jersey.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hamilton, New Jersey 08037.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with national headquarters, principal place of business, or otherwise valid mailing address located at 1601 Elm Street, Suite 800, Dallas, Texas 75201.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called Plaintiff on his cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

15. Defendant's calls were not made for "emergency purposes".

16. Shortly after the calls started, Plaintiff demanded that Defendant stop calling her cellular telephone.

17. Once Defendant was aware that its calls were unwanted, its continued calls could have served no lawful purpose.

18. Despite demanding that Defendant refrain from contacting her, Defendant persisted in calling Plaintiff repeatedly.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Shortly after the calls began, Plaintiff revoked any previous consent Defendant thought they had to contact her.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RHONDA MILBERRY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **RHONDA MILBERRY**, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 4/30/2020 | By: *s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: aginsburg@creditlaw.com |